# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) KRIS K. AGRAWAL, and <br> (2) ENERGY PRODUCTION <br> SERVICES, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> (1) RONALD J. WALKER, D/B/A CO&G <br> PRODUCTION GROUP, LLC, <br> an individual resident of Missouri, <br> (2) JERRY PARENT, D/B/A SPOON <br> RESOURCES, LLC, <br> (3) TOMMY TATRO, <br> (4) DANIEL DELLUOMO, <br> (5) GREGORY WILLIAMS, <br> (6) CHRIS HOLLAND, <br> (7) ALETIA HAYNES TIMMONS, <br> (8) AMY LAURENT, <br> (9) ACADIAN MAINTENANCE <br> SERVICES, and <br> (10) JOHN DOE, <br><br> Defendants. | Case No. CIV-18-1133-D |

## ORDER

Plaintiff Kris Agrawal, appearing pro se and putatively on behalf of Energy Production Services, LLC, has filed a Complaint [Doc. No. 1] bringing a host of allegations which are familiar to this Court in both their factual basis as well as their lack of coherency, jurisdictional standing, and legitimacy. Defendant Amy Laurent ("Laurent") has filed a Motion for Sanctions or in the Alternative Motion to Dismiss [Doc. No. 14]. Defendant Ronald J. Walker ("Walker") has filed a Motion to Dismiss [Doc. No. 17] based on failure

to establish diversity jurisdiction.[1] Plaintiffs have failed to respond to either motion. Instead, Plaintiff Agrawal has filed a Motion to Strike Motioin [sic] of Amy Laurent [Doc. No. 18] and two Motions for Summary Judgment [Doc. Nos. 19 and 20].

## BACKGROUND

As the Tenth Circuit succinctly stated, "[t]he origins of this case go back almost a decade, to a state-law wage dispute between Kris Agrawal and employee Chris Holland. Holland's success in that dispute has spawned multiple state and federal proceedings brought by Agrawal against a wide array of defendants." *Agrawal v. Ogden*, 18-6054, 2018 WL 6252870, at *1 (10th Cir. Nov. 28, 2018). The current Complaint raises the same or similar factual allegations and disputes against many of the same Defendants as the following cases, all but one of which were dismissed, at least in part, for lack of subject matter jurisdiction on the basis of the *Rooker-Feldman* doctrine:

1. *Agrawal, et. al. v. Oklahoma Dept. of Labor, et al.*, Case No. CIV-16-0003-D (W.D. Okla. 2016);

2. *Agrawal v. Ogden, et al.*, Case No. Civ-17-1364-D (W.D. Okla. 2017); dismissal affirmed by the Tenth Circuit in *Agrawal v. Ogden*, 18-6054, 2018 WL 6252870 (10th Cir. Nov. 28, 2018);

---

[1] Based on the Court's findings in this Order, Defendants Laurent and Walker's Motions to Dismiss are stricken as moot.

3. *Agrawal v. Courts of Oklahoma, et al.*, Case No. CIV-18-396-D (W.D. Okla. 2018);[2] and,

4. *Agrawal v. Holland, et al.*, Case No. CIV-18-866-D (W.D. Okla. 2018).

This action is merely another in a series of attempts by Agrawal "'to show the sham wage claim proceedings against'" him which have been rejected by the Oklahoma Supreme Court in *Agrawal v. Okla. Dep't of Labor*, 364 P.3d 618 (Okla. 2015), repeatedly by this Court, and now by the Tenth Circuit. *Agrawal*, 2018 WL 6252879 at *1 (quoting Agrawal's Appellate Opening Brief). All of the above referenced cases allege variations on the allegations summarized in this Court's Order in *Agrawal v. Oklahoma Dep't of Labor, et al.*, Case No. CIV-16-003-D:

> Christopher Holland filed a wage claim against Plaintiff GEO Exploration, LLC before the ODOL. During the proceedings before the Administrative Law Judge (ALJ), Plaintiffs allege that although the ALJ permitted Holland to present his case, it refused to allow Agrawal to testify, thereby depriving him of protections under the Fifth and Fourteenth Amendments to the U.S. Constitution. Second Amend. Compl. at 2-3. Plaintiffs also contend that, despite GEO's pending bankruptcy, the ALJ found Holland was owed unpaid wages and entered judgment in his favor against Agrawal. Plaintiffs allege this ruling violated the "automatic stay" provisions of the Bankruptcy Code (11 U.S.C. § 362) *Id*. at 3.
>
> Plaintiffs bring suit before this Court, alleging the judgment is void in light of the fact that (1) GEO was in bankruptcy, (2) Agrawal was not afforded an opportunity to be heard and defend his case, and (3) Agrawal was not Holland's "employer" for purposes of the wage statutes. *Id*. at 4.

---

[2] This case was dismissed based on failure to plead "sufficient facts to show Judge Ogden took action 'in complete absence of all jurisdiction'" and, therefore, Judge Ogden acted in his judicial capacity, had judicial immunity, and the plaintiffs failed to plead "any basis for proceeding against the 'Courts of Oklahoma.'" Order at 5, *Agrawal v. Courts of Oklahoma, et. al.*, CIV-18-396-D (July 9, 2018) [Doc. No. 11].

Order at 1-2, *Agrawal v. Oklahoma Dep't of Labor, et al.*, Case No. CIV-16-003-D [Doc. No. 12].

While Plaintiff camouflages these allegations by burying them in a mountain of seemingly irrelevant and unconnected facts, "the unmistakable theme in [all of] Agrawal's complaint[s] is that ODOL and the state courts mistakenly ruled in Holland's favor." *Agrawal,* 2018 WL 6252870, at *3. Plaintiff Agrawal invariably attacks the award by relitigating the identity of Defendant Chris Holland's employer and by claiming he was improperly denied the opportunity to present evidence. However, as the Tenth Circuit noted, "the Oklahoma Supreme Court has already resolved these issues." *Id*. In addition, Plaintiff Agrawal repeatedly argues that the ALJ award and state court judgments were entered in violation of a bankruptcy stay. However, the Tenth Circuit held that the:

> bankruptcy filing did not stay any proceedings against Agrawal. Indeed, we note that the bankruptcy judge rejected Agrawal's attempt to enforce the automatic stay, and Agrawal failed to prosecute his appeal from that decision.
>
> Moreover, an automatic stay expires when the bankruptcy case is closed. *See* 11 U.S.C. § 362(c)(2)(A). Here, any stay that may have arisen upon GEO's bankruptcy filing expired in 2012. Thus, no stay was in place as to any party when the Oklahoma Supreme Court upheld the wage award in 2015.

*Id.* at *3.

An examination of Plaintiff Agrawal's filings reveals an ongoing pattern of bringing suit on behalf of himself and various entities[3] against various defendants in pursuit of a

---

[3] The Court notes that Plaintiff has been informed more than once that:

> Under the Local Rules, parties who are not natural persons may not appear pro se. LCvR 17.1. This prohibition naturally includes the corporate entities

4

single goal: having a federal court exercise appellate review of a state court judgement. In each case, Plaintiff(s) specifically asks the Court to void various state court judgments affirming the ALJ award described above. The basis of the current Complaint is no different than that of each of the previous actions in this Court. While Plaintiffs' causes of action and factual allegations here are, again, unintelligible and fail to provide sufficient notice to the parties, as discussed below, the Court notes: (1) Plaintiffs repeat allegations that various state court determinations were made in violation of a bankruptcy stay; and, (2) the only prayer for relief contained in the Complaint clearly seeks a declaration that Defendant Chris Holland's state court judgments and any other judgements related to the ALJ award are void. [Doc. No. 1 at 5, 12].

I.  **Subject Matter Jurisdiction**

The Court *sua sponte* finds that it lacks subject matter jurisdiction for the same reasons set out in the proceedings previously before this Court. *See* Order, in *Agrawal v. Oklahoma Dep't of Labor, et al.*, Case No. CIV-16-003-D (December 15, 2016) [Doc. No. 12]; Order in *Agrawal v. Holland, et al.*, Case No. CIV-18-866-D

---

identified as plaintiffs in the [] Complaint. *Tal v. Hogan*, 453 F.3d 1244, 1254 (10th Cir. 2006) ("It has been our long-standing ruled that a corporation must be represented by an attorney to appear in federal court.") (citations omitted).

Order, at 4, *Agrawal v. Oklahoma Dep't of Labor, et al.,* CIV-16-003-D [Doc. No. 5]; Order at 8, *Agrawal v. Holland*, CIV-18-866-D [Doc. No. 8]. Despite these warnings, Plaintiff has again filed *pro se* on behalf of a corporate entity.

(November 2, 2018) [Doc. No. 8].[4]  The *Rooker-Feldman* doctrine applies to the facts in this case as it did in Plaintiff Agrawal's previous actions.

"[L]ower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments." *Kline v. Biles*, 861 F.3d 1177, 1180 (10th Cir. 2017), *cert. denied, Kline v. Biles*, 138 S. Ct. 517, 199 L. Ed. 2d 388 (2017) (quoting *Lance v. Dennis*, 546 U.S. 459, 463, 126 S.Ct. 1198, 163 L.Ed.2d 1059 (2006)).  This preclusion applies to "claims actually decided by a state court, and claims inextricably intertwined with a prior state-court judgment." *Tal v. Hogan*, 453 F.3d 1244, 1256 (10th Cir. 2006).  "The essential point is that barred claims are those complaining of injuries caused by state-court judgments." *Kline*, 861 F.3d at 1180 (quoting *Campbell v. City of Spencer*, 682 F.3d 1278, 1283 (10th Cir. 2012) (internal quotations omitted).

Plaintiff Agrawal lost his attack against the ALJ award in state court all the way up to the affirming opinion of the Oklahoma Supreme Court in *Agrawal v. Okla. Dep't of Labor*, 364 P.3d 618 (Okla. 2015) and back down through the State of Oklahoma district courts through their judgments enforcing the award.[5]  All of the injuries alleged by

---

[4] The Court has "an independent obligation to determine whether subject-matter jurisdiction exists" and may raise the issue *sua sponte* at any time. *1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006); *see Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party").

[5] The Court again takes judicial notice of multiple underlying state court proceedings available on Westlaw and publicly accessible through http://www.oscn.net. Review of those proceedings reveals Plaintiff Agrawal has made numerous and varied failed attempts in state court to avoid the ALJ award and affirming judgment. *See* CJ-2010-

Plaintiffs are inextricably intertwined with state court enforcement of the ALJ award to Defendant Holland which was affirmed by the Oklahoma County District Court and the Oklahoma Supreme Court. *See Agrawal v. Oklahoma Dep't of Labor*, 2015 OK 67, 364 P.3d 618. There can be no doubt that Plaintiff is a "state-court[] loser complaining of injuries caused by state-court judgments" and "inviting district court review and rejection of those judgments." *PJ ex rel. Jenson*, 603 F.3d at 1193 (internal quotations omitted). "*Rooker-Feldman* clearly applies to Agrawal's renewed federal attempt to overturn the wage award." *Agrawal*, 2018 WL 6252870, at * 3.

Accordingly, Plaintiffs' claims are barred by the *Rooker-Feldman* doctrine and the Court finds the Complaint should be dismissed for lack of subject matter jurisdiction.

## II.     Failure to Comply with Fed. R. Civ. P. 8(a).

Even if the *Rooker-Feldman* doctrine did not apply and the Court could perceive some basis for subject matter jurisdiction in the asserted allegations, Plaintiffs' Complaint would still require dismissal. The Complaint fails to provide a sufficient short and plain statement of the grounds for the Court's jurisdiction and fails to comply with Fed. R. Civ. P. 8(a). See *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Under Rule 8(a), a complaint must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a).

---

5749, *Agrawal, et al., v. Holland, et al.*; *Agrawal, et al., v. Holland, et al.*, CJ-2010-1171; *Agrawal, et al., v. Holland, et. al.*, CJ-2016-2596, etc.

Plaintiffs have filed a twelve-page Complaint with approximately one hundred thirty-nine (139) pages of exhibits attached. These exhibits consist of state court filings, orders and judgments, state agency determinations, and unexplained documents presumably in support of Agrawal's allegations of fraud in the state court proceedings and his desire to void a valid, affirmed state court judgment. The Complaint is virtually indecipherable and consists of cut and pasted materials, the origins and relevance of which are unclear and facts that are vague and conclusory. Only the intention of the prayer for relief to improperly void state court judgments is sufficiently clear.

Plaintiff Agrawal is aware of the applicable pleading standards as he has been previously reminded twice by this Court that:

> his pro se status does not excuse compliance with the Federal Rules of Civil Procedure, the Local Rules of this District, or the Court's Chambers Rules. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

*Id*. at 4; Order at 8, *Agrawal v. Holland, et al.*, Case No. CIV-18-866-D (November 2, 2018) [Doc. No. 8].

For these reasons, Plaintiffs' Complaint should be dismissed.

## III. Sanctions

In *Agrawal v. Holland, et al.*, CV-18-866-D, this Court informed Plaintiff:

> that should [he] re-file this action or any other action based on the allegation that the ALJ award affirmed by the Oklahoma Supreme Court in *Agrawal v. Oklahoma Dept. of Labor*, 2015 OK 67, 364 P.3d 618, is void, he will be ordered to show cause why he should not be subject to the imposition of filing restrictions pursuant to Fed. R. Civ. P. 11.

Order at 8-9, *Agrawal v. Holland*, CV-18-866-D (November 2, 2018) [Doc. No. 8]. Defendant Laurent's Motion for Sanctions likewise cites Plaintiff Agrawal's repeated filing of cases seeking to relitigate the ALJ award as a basis for imposition of sanctions.[6] Motion for Sanctions at 5. Defendant Laurent requests monetary sanctions and filing restrictions in the form of an injunction. *Id*. Plaintiff failed to timely reply.[7]

The current Complaint asks this Court to: (1) "find that there is no Wage Claim [sic] filed by Chris Holland or a Judgment issued by the Labor Department Court against Energy Production Services, LLC, or the Oklahoma Supreme Court"; and (2) "find that [Oklahoma County District Court Judge] Aletia Haynes Timmons has assumed a Judgment against Energy Production Services, LLC." Complaint at 12. As explained above, Agrawal's claims are based on the same basic assertion as in his multiple previous actions – "that the ALJ award affirmed by the Oklahoma Supreme Court in *Agrawal v. Oklahoma Dept. of Labor*, 2015 OK 67, 364 P.3d 618 is void." Order at 8-9, *Agrawal v. Holland*, CV-18-866-D (November 2, 2018) [Doc. No. 8].

The Tenth Circuit has stated that "'[t]he right of access to the courts is neither absolute nor unconditional and there is no constitutional right of access to the courts to

---

[6] Defendant Laurent filed her Motion for Sanctions [Doc. No. 14] on December 10, 2018, and served it on Plaintiff Agrawal by U.S. Mail pursuant to Fed. R. Civ. P. 5(b)(2)(C) as required by Fed. R. Civ. P. 11(c)(2).

[7] Plaintiffs' Motion to Strike was filed thirty (30) days after Defendant Laurent filed her Motion for Sanctions and fails to address the issue of sanctions in any way. *See* LCVR 7.1(g) (requiring responsive briefs to be filed no later than twenty-one (21) days after the date the motion was filed). Instead, Plaintiffs' Motion appears to simply restate their position as to the ALJ award with voluminous copy and paste materials purportedly in support thereof. Motion to Strike at 1.

9

prosecute an action that is frivolous or malicious.'" *Landrith v. Schmidt*, 732 F.3d 1171, 1174 (10th Cir. 2013) (quoting *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989) (per curiam)). "'Even onerous conditions may be imposed upon a litigant as long as they are designed to assist the ... court in curbing the particular abusive behavior involved,' except that they 'cannot be so burdensome ... as to deny a litigant meaningful access to the courts.'" *Id*. (quoting *Cotner v. Hopkins,* 795 F.2d 900, 902 (10th Cir.1986)). "[I]njunctions are proper where the litigant's abusive and lengthy history is properly set forth." *Tripati,* 878 F.2d at 353 (citations omitted).

Pursuant to *Landrith*, Plaintiff Agrawal is "entitled to notice and an opportunity to oppose the court's order before it is instituted." *Landrith v. Schmidt*, 732 F.3d at 1174 (quoting *Tripati*, 878 F.2d at 354). However, "a hearing is not required; a written opportunity to respond is sufficient." *Id*. In this case, Defendant Laurent has properly set forth Plaintiff's "patent contempt for this Court, the [Tenth] Circuit, and the Oklahoma County District Courts," and Plaintiff has had an opportunity to respond. Motion for Sanctions at 5. Defendant Laurent asserts that a warning to Plaintiff would be insufficient. *Id*. at 5. The Court agrees. This Court, as quoted above, has previously warned Plaintiff of the possible consequences of filing additional causes of action raising the same issue based on the same factual allegations. The Court also notes that Plaintiff Agrawal failed to heed similar admonishments in state court and now faces contempt charges.[8]

---

[8] Plaintiff Agrawal was sanctioned by the Oklahoma County District Court on August 27, 2018, in *Agrawal, et al., v. Holland, et al.*, CJ-2010-1171, pursuant to Okla. Stat. tit. 12 § 2011(C)(1)(b) for asserting essentially the same allegations in the Complaint presently before this Court. In that case, the court found, in part, that the filings were

10

Therefore, the Court directs Plaintiff Agrawal to show cause why filing restrictions should not be imposed by this Court, and an injunction should not be issued in support of the same. Plaintiff Agrawal may do so by a single written filing, not to exceed fifteen (15) pages, to be filed not later than February 1, 2019.

## CONCLUSION

Plaintiffs' Complaint [Doc. No. 1] is hereby **DISMISSED** without prejudice for lack of subject matter jurisdiction as set forth herein. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is incapable of reaching a disposition on the merits of the underlying claims.") (citations omitted). A judgment shall be issued forthwith.

---

presented for "improper purposes, to harass, cause unnecessary delay, and needless increase in the cost of litigation" and imposed filing restrictions on Plaintiff Agrawal prohibiting him "from filing anything in any matter before this Court or the Court of Judge Aletia Haynes Timmons without first receiving affirmative approval in writing from the Judge of the Court where permission is being requested." Order, August 27, 2018, at 2-3.

On October 26, 2018, Plaintiff Agrawal was found to have violated those restrictions in *Vance-1 Properties, LLC, and Kris K. Agrawal v. Energy Production Services, LLC, et al.*, CJ-2017-4737. Journal Entry, October 26, 2018, at 4-5. Plaintiff Agrawal was thereafter arraigned on indirect civil contempt charges on October 29, 2018, and released on his own recognizance contingent upon his compliance with the filing restrictions imposed in the August 27, 2018, and October 26, 2018, Orders in CJ-2010-1171 and CJ-2017-4737, respectively. However, Plaintiff Agrawal continued to violate the filing restrictions and a hearing is set in Oklahoma County District Court for February 7, 2019, on a motion to revoke the own-recognizance bond. Court Minute at 1, January 8, 2019, *Vance-1 Properties, LLC.*, CJ-2017-4737.

**IT IS THEREFORE ORDERED** that Defendant Amy Laurent's Motion for Sanctions or in the Alternative Motion to Dismiss [Doc. No. 14], Defendant Walker's Motion to Dismiss [Doc. No. 17], and Plaintiffs' Motions for Summary Judgment [Docs. No. 19 and 20] are **DENIED** as moot.

**IT IS FURTHER ORDERED** that Plaintiff Agrawal may, not later than February 1, 2019, submit a written filing to show cause why filing restrictions should not be imposed. Such filing shall not exceed fifteen (15) pages in length.

**IT IS ORDERED** this 18th day of January 2019.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE